CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
Juy 10, 2017

JULIA C. DUDLEY, CLERK
BY: /s/ J. Jones
DEPUTY CLERK

THE UNITED STATES DISTRICT COURT FOR
WESTERN DISTRICT OF VIRGINIA

Charlottesville Division

CHRISTOPHER MORGAN, individually and on behalf of a
class of all persons and entities similarly situated,

    Plaintiff,

vs.        Case No. 3:17-cv-00045

ON DECK CAPITAL, INC.

    Defendant.

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.    Plaintiff Christopher Morgan brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.    Defendant On Deck Capital, Inc. ("On Deck") sent Mr. Morgan and other putative class members automated telemarketing calls without prior express written consent.

3.    Because the call to Mr. Morgan was transmitted using technology capable of generating thousands of similar calls per day, Mr. Morgan sues on behalf of a proposed nationwide class of persons who also received illegal telephone calls from On Deck.

4.    A class action is the best means of obtaining redress for the Defendant's illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff Christopher Morgan resides in Charlottesville, Virginia. He is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant On Deck Capital, Inc., is a Delaware Corporation with a New York headquarters that transacts business throughout the United States, including in this District.

**Jurisdiction & Venue**

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim – in particular, Mr. Morgan's receipt of the calls – occurred in this District.

**Statutory Background**

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. The TCPA regulates the use of automated telephone equipment, or "autodialers." Section 227(b)(1)(A)(iii) of the TCPA prohibits the use of autodialers to make any call to a wireless number absent an emergency or the prior express consent of the called party.

11. According to the FCC, the agency vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls.

12. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## Factual Allegations

## Calls from On Deck Capital

13. On June 19, 2017, the Plaintiff received an automated call from On Deck Capital at (XXX) XXX-8433, a cellular telephone number.

14. The following facts indicate the calls were placed through an "automatic telephone dialing system" as defined in 47 U.S.C. § 227(a)(1):

    a. On Deck manipulated the Caller ID number to make it appear as a local number, which is typically done in an automated telemarketing campaign;

    b. Paul Rosen, Chief Sales Officer for On Deck Capital acknowledged in an online interview on June 22, 2015, that the company had recently improved its sales by using an autodialer which allows sales people to make more than 100 calls per day. *See* Sales Benchmark Index Interview of Paul Rosen, available at https://salesbenchmarkindex.com/insights/case-study-scaling-from-13-million-to-160-million-in-3-years/. In that interview Mr. Rosen stated: "One of the things that we work real hard as a management team on and this isn't just sales, we're very collaborative with marketing, and with product, with finance, and with credit to find little wins that we can have. A couple of examples is, we added a 59 auto dialer so our outbound sales people can make 100 more calls per day."

    c. The geographic distance between the Plaintiff and the Defendant indicates that the calling was done through a nationwide *en masse* telemarketing campaign;

15. Through both the scripted telephone pitch and follow up e-mail communications, On Deck attempted to sell its small business loans.

16. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during

3

the telemarketing calls and their privacy was invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

## Class Action Allegations

17. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of all other persons or entities similarly situated throughout the United States.

18. The class of persons Plaintiff proposes to represent include:

> All persons within the United States (a) to whom On Deck initiated a telephone call promoting its services, (b) to a cellular telephone number, (c) using an automatic telephone dialing system or an artificial or prerecorded voice, (d) at any time four years before the date this action was commenced through the date of class certification.

19. Excluded from the class is the Defendant, any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

20. The proposed class members are identifiable through phone records and phone number databases.

21. The potential class members number in the thousands, at least. Individual joinder of these persons is impracticable.

22. Plaintiff is a member of the class.

23. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to:

    a. Whether the Defendant used an ATDS to send telemarketing calls;

    b. Whether the Defendant placed automated telemarketing calls without obtaining the recipients' valid prior express written consent;

> c. Whether the Defendant's violations of the TCPA were negligent, willful, or knowing; and
>
> d. Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

24. Plaintiff's claims are based on the same facts and legal theories, and therefore are typical of the claims of class members.

25. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

26. The actions of the Defendant are applicable to the class and to Plaintiff.

27. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

28. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

29. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Violation of the TCPA's provisions prohibiting
### autodialed calls to cell phones.

30. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

31. The Defendant violated the TCPA by (a) initiating a telephone call using an automated dialing system or prerecorded voice to Plaintiff's and class members' telephone numbers assigned to a cellular telephone service, or (b) by the fact that others caused the initiation of those calls on its behalf. *See* 47 C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

32. The Defendant's violations were willful and/or knowing.

### Relief Sought

WHEREFORE, Plaintiff, on his own behalf and on behalf of the class members, requests judgment against Defendant as follows:

A. That the Court certify the proposed Class;

B. That the Court appoint Plaintiff Class representative;

C. That the Court appoint the undersigned counsel as counsel for the Class;

D. That the Court enter a judgment permanently enjoining the Defendant from engaging in or relying upon telemarketing, or, alternatively, from engaging in or relying upon telemarketing that violates the TCPA;

E. That, should the Court permit Defendant to engage in or rely on telemarketing, it enter a judgment requiring it to adopt measures to ensure TCPA compliance, and that the Court retain jurisdiction for a period of six months to ensure that the Defendant complies with those measures;

F. That the Court enter a judgment awarding any other injunctive relief necessary to ensure the Defendant's compliance with the TCPA;

H. That Defendant and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

I. That the Plaintiff and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation;

J. That the Court enter an order awarding the Plaintiff reasonable attorneys' fees and costs; and

K. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

        Plaintiff,
        By Counsel,

*/s/ Michael B. Hissam*
Michael B. Hissam
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
mhissam@baileyglasser.com