IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| CHRISTOPHER MORGAN, individually and on behalf of a class of persons and entities similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 3:17-cv-00045 |
| ON DECK CAPITAL, INC., | ) ) ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

Defendant On Deck Capital, Inc. ("On Deck" or "Defendant") files this Answer to Christopher Morgan's ("Plaintiff") Class Action Complaint ("Complaint"). In response to the Complaint, On Deck states as follows:

## PRELIMINARY STATEMENT

1. The allegations in Paragraph 1 of the Complaint call for legal conclusions and, therefore, no response is required. To the extent the allegations are contrary to the law, they are denied. By way of further response, On Deck denies that it violated the Telephone Consumer Protection Act ("TCPA").

2. On Deck denies the allegations in Paragraph 2 of the Complaint.

3. On Deck denies the allegations in Paragraph 3 of the Complaint.

4. On Deck denies that is engages in illegal telemarketing. The remaining allegations in Paragraph 4 of the Complaint regarding class action adjudication call for legal conclusions and, therefore, no response is required. To the extent the allegations are contrary to the law, they are denied.

## PARTIES

5. On Deck lacks sufficient information to admit or deny the allegations in Paragraph 5 regarding Plaintiff's residence and, therefore, denies the same. The remaining allegations of Paragraph 5 call for legal conclusions and, therefore, no response is required. To the extent the allegations are contrary to the law, they are denied.

6. On Deck admits that it is corporation formed in Delaware and that its headquarters is located in New York. On Deck admits it conducts business throughout the United States, including within the Western District of Virginia.

## JURISDICTION AND VENUE

7. Plaintiff's allegations in Paragraph 7 of the Complaint regarding jurisdiction call for legal conclusions and, therefore, no response is required. To the extent the allegations are contrary to law, they are denied.

8. Plaintiff's allegations in Paragraph 8 of the Complaint regarding venue call for legal conclusions and, therefore, no response is required. To the extent the allegations are contrary to law, they are denied. On Deck lacks sufficient information to admit or deny the allegations in Paragraph 8 regarding Plaintiff's receipt of the calls and, therefore, denies the same.

## STATUTORY BACKGROUND

9. Plaintiff's allegations regarding the purpose of the TCPA in Paragraph 9 of the Complaint call for legal conclusions and, therefore, no response is required. To the extent the allegations are contrary to the law, they are denied.

10. Plaintiff's allegations regarding the autodialers and consent in Paragraph 10 of the Complaint call for legal conclusions and, therefore, no response is required. To the extent the allegations are contrary to the law, they are denied.

11. Plaintiff's allegations regarding the purpose of the TCPA in Paragraph 11 of the Complaint call for legal conclusions and, therefore, no response is required. To the extent the allegations are contrary to the law, they are denied.

12. Plaintiff's allegations in Paragraph 12 of the Complaint regarding statements from the FCC attempt to classify documents that speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

## FACTUAL ALLEGATIONS

### Calls from On Deck Capital

13. On Deck denies the allegations in Paragraph 13 of the Complaint.

14. On Deck denies the allegations in Paragraph 14 of the Complaint. Further, Plaintiff's allegations in Paragraph 14 of the Complaint, including subparts (a) through (c), call for legal conclusions regarding the definition of an automatic telephone dialing system and, therefore, no response is required. To the extent the allegations are contrary to the law, they are denied. Further, Plaintiff's allegations in subpart (b) of Paragraph 14 attempt to characterize documents that speak for themselves and, therefore, no response is required. To the extent the statements vary from the documents, they are denied.

15. On Deck admits that it issues small business loans. On Deck admits that it uses telephone communications and emails in connection with its small business loans, although the allegations in Paragraph 15 of the Complaint are vague as to the exchanges to which they are referring when they claim that On Deck "attempted to sell its small business loans." As a result, On Deck denies the remaining allegations in Paragraph 15 of the Complaint.

16. On Deck denies the allegations in Paragraph 16 of the Complaint.

## CLASS ACTION ALLEGATIONS

17. The allegations in Paragraph 17 of the Complaint are not allegations of fact and, therefore, no response is required. To the extent a response is required, On Deck denies that this lawsuit can be certified as a class action and denies that it violated the TCPA.

18. The allegations in Paragraph 18 of the Complaint are not allegations of fact and, therefore, no response is required. To the extent a response is required, On Deck denies that this lawsuit can be certified as a class action and denies that it violated the TCPA.

19. The allegations in Paragraph 19 of the Complaint are not allegations of fact but, rather, allegations regarding Plaintiff's counsel's intentions with respect to the purported class. Therefore, no response is required. To the extent a response is required, On Deck denies that this lawsuit can be certified as a class action and denies that it violated the TCPA.

20. On Deck denies the allegations of Paragraph 20 of the Complaint that this lawsuit can be certified as a class action and denies that a certifiable class can be identified through On Deck's records.

21. The allegations in Paragraph 21 of the Complaint call for legal conclusions regarding joinder and, therefore, no response is required. To the extent the allegations are contrary to law, they are denied. On Deck further denies that this lawsuit can be certified as a class action.

22. The allegations in Paragraph 22 of the Complaint call for legal conclusions regarding Plaintiff's membership in the purported class and, therefore, no response is required. To the extent the allegations are contrary to law, they are denied. On Deck further denies that this lawsuit can be certified as a class action.

23. The allegations in Paragraph 23 of the Complaint, including subparts (a) through (d) call for legal conclusions regarding commonality, therefore, no response is required. To the

extent the allegations are contrary to law, they are denied. On Deck further denies that this lawsuit can be certified as a class action.

24. The allegations in Paragraph 24 of the Complaint call for legal conclusions regarding typicality, therefore, no response is required. To the extent the allegations are contrary to law, they are denied. On Deck further denies that this lawsuit can be certified as a class action.

25. The allegations in Paragraph 25 of the Complaint call for legal conclusions regarding adequacy of Plaintiff as a class representative, therefore, no response is required. To the extent the allegations are contrary to law, they are denied. On Deck further denies that this lawsuit can be certified as a class action.

26. On Deck denies the allegations in Paragraph 26 of the Complaint. On Deck further denies that this lawsuit can be certified as a class action.

27. The allegations in Paragraph 27 of the Complaint call for legal conclusions regarding predominance and superiority, therefore, no response is required. To the extent the allegations are contrary to law, they are denied. On Deck further denies that this lawsuit can be certified as a class action.

28. On Deck denies the allegations in Paragraph 28 of the Complaint. On Deck further denies that this lawsuit can be certified as a class action.

29. On Deck is without sufficient information to admit or deny the allegations in Paragraph 29 of the Complaint and, therefore, denies the same.

## LEGAL CLAIMS

### Violation of the TCPA's provisions prohibiting autodialed calls to cell phones.

30. Plaintiff's allegations in Paragraph 30 of the Complaint are not allegations of fact but, rather, allegations reincorporating Plaintiff's previous paragraphs. In response, On Deck reincorporates its responses to Plaintiff's previous allegations.

31. On Deck denies the allegations in Paragraph 31 of the Complaint.

32. On Deck denies the allegations in Paragraph 32 of the Complaint.

## RELIEF SOUGHT

On Deck denies the allegations in the WHEREFORE paragraph immediately following Paragraph 32 of the Complaint. Specifically, On Deck denies this lawsuit should be certified as a class action, denies that Plaintiff should be appointed as class representative, denies that Plaintiff's counsel should be appointed as class counsel, denies that Plaintiff is entitled to any declaratory or injunctive relief, denies that On Deck is liable for any damages whatsoever, denies that On Deck violated the TCPA, and denies the Plaintiff is entitled to any fees, costs or any further relief. On Deck admits that Plaintiff requests a jury trial to all claims of the Complaint so triable.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to sue On Deck and to represent any purported class members because he has not suffered an injury-in-fact as a result of On Deck's alleged TCPA violations.

3. The imposition of statutory damages against On Deck under the TCPA on a purported class wide basis would violate the Due Process Provision of the United States Constitution.

4. The imposition of statutory damages against On Deck under the TCPA on a purported class wide basis would violate the excessive fine restriction of the United States Constitution.

5. Plaintiff's claims, and the claims of purported class members, are barred to the extent they are untimely under any applicable statute of limitations.

6. Plaintiff's claims, and the claims of purported class members, are barred to the extent the purported claimant is not a called party within the meaning of the TCPA.

7. Plaintiff's claims, and the claims of purported class members, are barred because any calls alleged to have violated the TCPA occurred with prior consent, including prior written consent.

8. Plaintiff and the purported class members are barred from recovery to the extent they have failed to mitigate alleged damages.

9. Plaintiff and the purported class members cannot proceed as a class action because Plaintiff's claims cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

10. Plaintiff's claims, and the claims of purported class members, are barred by the doctrine of unclean hands.

11. Plaintiff's claims, and the claims of the purported class members, are barred to the extent any alleged injuries were the result, in whole or in part, of the conduct, negligence, acts, or omissions of Plaintiff or the purported class members.

12. Plaintiff's claims, and the claims of the purported class members, are barred to the extent any alleged injuries were the result, in whole or in part, of the conduct, negligence, acts, or omissions of third parties beyond the control of On Deck.

13. Plaintiff's claims, and the claims of the purported class members, are barred to the extent they are precluded by any previous waivers or releases of claims, including those related to previous settlement agreements.

14. Plaintiff's claims, and the claims of the purported class members, are barred by res judicata and judicial estoppel to the extent they failed to disclose such claims in previous bankruptcy proceedings.

Dated: August 21, 2017

Respectfully submitted,

**ON DECK CAPITAL, INC.**

By:    /s/ *David M. Gettings*
                   Of Counsel

John C. Lynch (VSB No. 39267)
David M. Gettings (VSB No. 80394)
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
E-mail: john.lynch@troutmansanders.com
E-mail: david.gettings@troutmansanders.com
*Counsel for Defendant On Deck Capital, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| CHRISTOPHER MORGAN, individually and on behalf of a class of persons and entities similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 3:17-cv-00045 |
| ON DECK CAPITAL, INC., | ) ) ) |
| Defendant. | ) ) |

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2017, I electronically filed the foregoing *Answer to Complaint* with the Clerk of the Court using the CM/ECF system, with electronic notification and copy being sent via CM/ECF to the following:

**Counsel for Plaintiff**
Michael B. Hissam, Esq.
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
mhissam@baileyglasser.com

/s/ *David M. Gettings*
David M. Gettings
Virginia State Bar No. 80394
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: 757-687-7747
Facsimile: 757-687-1545
Email: david.gettings@troutmansanders.com

*Counsel for Defendant On Deck Capital, Inc.*