IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **CHRISTOPHER MORGAN, individually and on behalf of a class of persons and entities similarly situated,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Civil Action No. 3:17-cv-00045-NKM |
| **ON DECK CAPITAL, INC.,** ) ) | |
| **Defendant.** ) | |

## STIPULATED PROTECTIVE ORDER AND NON-WAIVER ORDER

THIS MATTER is before the Court on the Parties' Joint Motion for a Protective Order filed on August 21, 2018, pursuant to Fed. R. Civ. P. 26(c). The parties represent to the Court that discovery in this case will involve the production and review of confidential information of both parties and potentially non-parties to this action, as well as proprietary or sensitive business information of Defendant. The parties move the Court for entry of this Stipulated Protective Order and Non-Waiver Order to protect the legitimate privacy interests of the parties and non-parties. The parties believe that there is good cause for entry of the Protective Order. Appearing appropriate for good cause shown, the Court hereby ORDERS:

WHEREAS, documents, testimony and information have been and may be sought, produced, or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential information of or about third parties, confidential research and development, or other proprietary information belonging to Defendant, and/or other confidential information of Plaintiff or third parties.

WHEREAS, Plaintiff and Defendant acknowledge that there exists a possibility that a party may produce documents which would otherwise be subject to a claim of privilege. The parties acknowledge and agree that the protections of Federal Rule of Evidence 502(b) shall govern the production of such documents and prevent the waiver of any privileges or protections.

1. This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action and designated in accordance with this Order.

2. Any documents, testimony, or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c)(1) or other provision of law asserted by the producing party, including information subject to a contractual duty of confidentiality owed to a third party, shall be so designated in writing, or orally at a deposition, hearing, or trial, and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." Such documents, transcripts, or other materials are referred to herein as "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL-AEO MATERIALS," respectively. To the extent electronically stored information is produced in a format that does not permit the branding of the designation on the face of the document (e.g., native Excel files or database exports), the producing party shall add the abbreviation "CONF" or "CONF-AEO," respectively, to the file name of such documents.

3. A party wishing to designate portions of a deposition transcript CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY pursuant to this Order must, within five (5) business days from the conclusion of the deposition, order the original or a copy of the transcript

of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY, in accordance with paragraph 2 of this Order. The designating party shall designate such CONFIDENTIAL MATERIAL or CONFIDENTIAL-AEO MATERIAL either on the record during such deposition or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the pages, line numbers, and designations. The designating party must serve such Notice within fourteen (14) calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as CONFIDENTIAL until the expiration of the fourteen-day period from the date of receipt of the transcript described in this paragraph. Any portions of a transcript designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY shall thereafter be treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

4. No person shall use any CONFIDENTIAL MATERIALS and CONFIDENTIAL-AEO MATERIALS, or any information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects, or otherwise discusses any such information), directly or indirectly, for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the discovery, the preparation, and trial of this action, and/or in accordance with this Order. The parties agree that CONFIDENTIAL MATERIALS and CONFIDENTIAL-AEO MATERIALS produced in discovery in this case shall not be used, in whole or in part, by the receiving party in any other legal or administrative proceeding unless the producing party is also a party to that proceeding, other than as stated herein.

5.      Subject to paragraph 9, in the absence of prior written permission from the designating party or an order by the Court, no person shall disclose CONFIDENTIAL MATERIALS to any person other than: (i) the parties, their attorneys of record, and those attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic, videographic, and clerical personnel; (iii) disclosed experts or consulting experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (v) any governmental agency formally requesting such information or documents by subpoena, written notice, or other civil investigate demand, with notice provided to the designating party within five (5) days of receipt of the request and no fewer than twenty-one (21) days before disclosure or production; (vi) outside photocopying and electronic discovery vendors; and (vii) the Court, Court personnel, and members of any jury impaneled to hear this case.

6.      Subject to paragraph 9, in the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL-AEO MATERIALS shall not be disclosed to any person other than counsel of record in this case or as provided in paragraph 5(ii) through 5(iii) and paragraph 5(v) through (vii) of this Order. All persons to whom CONFIDENTIAL-AEO MATERIALS are disclosed are hereby enjoined from disclosing the same to any other person except as provided in this Order, and are also enjoined from using the same except in the preparation for and trial of this case between the named parties thereto. No person receiving or reviewing CONFIDENTIAL-AEO MATERIALS shall disseminate or disclose them to any person other than those permitted to receive it per this paragraph for the purposes so

specified. In no event shall such person make any other use of such CONFIDENTIAL-AEO MATERIALS.

7. Subject to paragraph 9, no person shall disclose CONFIDENTIAL MATERIALS to any person designated in paragraph 5(iii) unless he or she has executed a written, dated declaration in the form attached hereto as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms hereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation. The Court hereby enjoins all persons to whom CONFIDENTIAL MATERIALS are disclosed from disclosing the same to any person or using the same, except as provided in this Order.

8. No person receiving or reviewing CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS shall disseminate or disclose them to any person other than those described above in paragraphs 5, 6, and 7 for the purposes specified, and in no event shall such person make any other use of CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS.

9. In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the parties cannot resolve the dispute and the receiving party concludes in good faith that the designating party has improperly classified the materials, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as CONFIDENTIAL or CONFIDENTIAL-AEO for fifteen (15) days after such notice. The designating party shall have the right to move the Court for a Protective Order to retain the designated status of such materials. If the designating party files such a motion

within the fifteen-day period, the receiving party shall continue to maintain the materials as CONFIDENTIAL or CONFIDENTIAL-AEO, consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

10. Subject to paragraph 9, any party seeking to file CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS with the Court must contact the designating party two (2) days prior to such filing to: (i) provide the designating party with notice that it seeks to file CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS can be filed with the Court. In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS shall file such materials in accordance with Local Rule 9.

11. The inadvertent or unintentional disclosure of CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS by a producing party without the appropriate designation shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same subject matter provided that the disclosure is inadvertent, the producing party took reasonable steps to prevent disclosure, and the producing party promptly took reasonable steps to rectify the error. Upon such notice, the receiving party, upon the producing party's request or upon its own initiative at such time as it reasonably and in good faith believes itself to be in possession of inadvertently produced materials, whichever occurs first, shall promptly return the inadvertently produced materials, and all copies of those materials that may have been made and any notes regarding those materials shall be destroyed.

- 6 -
Case 3:17-cv-00045-NKM-JCH   Document 31-1   Filed 08/21/18   Page 6 of 10   Pageid#: 216

12. Subject to paragraph 9 and excluding pleadings and documents filed with the Court, within sixty (60) days after the conclusion of this case, upon written request, the parties shall assemble and return to the designating party all materials containing CONFIDENTIAL MATERIALS and CONFIDENTIAL-AEO MATERIALS (with the exception of drafts of pleadings filed with the Court, which the receiving party may retain but shall continue to treat as CONFIDENTIAL MATERIAL and CONFIDENTIAL-AEO MATERIAL as provided in this Order). The receiving party may elect to destroy such materials rather than return them, in which case the receiving party shall provide written verification that the receiving party has destroyed the materials, including any summaries, extracts, compilations, notes, or other attorney work product containing CONFIDENTIAL MATERIALS and CONFIDENTIAL-AEO MATERIALS (with the exception of drafts of pleadings filed with the Court).

13. This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the acknowledgement attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

14. This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 9.

15. No party may use the entry of this Order, nor the designation of any material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," nor the failure to make such designation, as evidence on any issue in this case. A party's designation of materials as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" does not waive that party's objection to any discovery on any ground, including but not limited to, relevancy or that it

- 7 -
Case 3:17-cv-00045-NKM-JCH   Document 31-1   Filed 08/21/18   Page 7 of 10   Pageid#: 217

seeks information protected by Federal Rule of Civil Procedure 26(c) or any other provision of law.

16. Nothing in this Protective Order shall be deemed a waiver by any party of any objections that party may have at time of trial to any evidence, including but not limited to CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS, on any grounds including but not limited to relevance, admissibility, authenticity, or hearsay.

17. Nothing herein shall affect or restrict the rights of any party to use its own documents or information or to use information or documents obtained or developed independently of materials afforded CONFIDENTIAL treatment pursuant to this Order.

18. Third parties who are the subject of discovery requests, subpoenas, or depositions in this case may take advantage of the provisions of this Order by providing Plaintiff and Defendant with written notice that they intend to comply with and be bound by the terms of this Order.

**IT IS SO ORDERED.**

**ENTER:**

The Honorable Joel Hoppe
United States Magistrate Judge

**WE ASK FOR THIS:**

/s/ *David M. Gettings*
John C. Lynch (VSB No. 39267)
David M. Gettings (VSB No. 80394)
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone No. (757) 687-7747
Facsimile No. (757) 687-1545
Email: john.lynch@troutmansanders.com
Email:david.gettings@troutmansanders.com
***Counsel for Defendant On Deck Capital, Inc.***

/s/ *Ryan M. Donovan*
Michael B. Hissam, Esq.
Ryan M. Donovan, Esq.
HISSAM FORMAN DONOVAN RITCHIE, PLLC
707 Virginia Street East, Suite 260
Charleston, WV 25301
Telephone: (681) 265-3802
Email: mhissam@hfdrlaw.com
Email: rdonovan@hfdrlaw.com
***Counsel for Plaintiff Christopher Morgan***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Charlottesville Division

| | |
|---|---|
| **CHRISTOPHER MORGAN, individually and on behalf of a class of persons and entities similarly situated,** | ) ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Civil Action No. 3:17-cv-00045-NKM |
| **ON DECK CAPITAL, INC.,** | ) ) ) |
| **Defendant.** | ) ) |

### DECLARATION OF _____
### UNDER STIPULATED PROTECTIVE ORDER

I, _____, being duly sworn, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I hereby acknowledge that (i) I have been given a copy of the Stipulated Protective Order and Non-Waiver Order ("Protective Order") in the above-referenced case; (ii) I carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

5. I will comply with all of the provisions of the Protective Order. I will hold all CONFIDENTIAL MATERIALS disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not qualified under the Protective Order. I will not use any CONFIDENTIAL MATERIAL disclosed to me for any purposes other than this case.

6. I will return all CONFIDENTIAL MATERIALS that come into my possession and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am retained or employed, or from whom I have received such material.

7. I hereby submit to the jurisdiction of the United States District for the Western District of Virginia for the purpose of enforcement of the Protective Order in this case.

I declare under penalty of perjury that the foregoing is true and correct.

_____

32789999