IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CHRISTOPHER MORGAN,

    Plaintiff,

vs.          Civil Action No.: 3:17-cv-00045
         Judge Norman K. Moon

ON DECK CAPITAL, INC.,

    Defendant.

**Plaintiff's Rule 56(d) Response to OnDeck's Motion for Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(d), Plaintiff Christopher Morgan responds to OnDeck's Motion for Summary Judgment as follows:

1. This is a putative class action alleging claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et. seq*.

2. According to the Court's Scheduling Order, the parties have until July 9, 2019 to (a) complete discovery and (b) submit motions for summary judgment.

3. On December 11, 2018, with more than six months remaining in the discovery period and before either party had taken a deposition, Defendant OnDeck submitted a motion for summary judgment supported by several declarations.

4. Although the Plaintiff does not dispute OnDeck's right to file an early motion for summary judgment, the Plaintiff is unable, for the reasons set forth in the accompanying declaration, to "present facts essential to justify its opposition" at this early stage. *See* Fed. R. Civ. P. 56(d).

5. OnDeck's motion is directed toward the Plaintiff's burden to show that the equipment used to place the calls at issue qualifies as an "Automatic Telephone Dialing System" under the TCPA. In order to present facts essential to oppose OnDeck's motion, the Plaintiff contends that he must have the opportunity to:

   a. Take the deposition of OnDeck's corporate representative to obtain information about OnDeck's dialing system and the way it is used;

   b. Take the deposition of at least one OnDeck employee responsible for supervising OnDeck's outbound dialing;

   c. Take the deposition of at least one OnDeck employee who actually places outbound calls;

   d. Propound further written discovery concerning OnDeck's dialing equipment and the way it is used;

   e. Inspect OnDeck's dialing system; and

   f. Obtain expert testimony concerning the capabilities of OnDeck's dialing system.

*See* Declaration of Ryan M. Donovan, attached as Exhibit A.

6. OnDeck agrees to provide Plaintiff with additional time, until April 1, 2019, to conduct discovery needed to respond to OnDeck's motion for summary judgment. OnDeck's counsel has committed to facilitating reasonable discovery to comply with this proposed deadline, although the Parties have not yet reached agreement on the specific discovery Plaintiff may obtain during this period.

7. Plaintiff, for his part, agrees to negotiate in good faith with OnDeck regarding its deadline to file a reply memorandum in support of summary judgment when the time comes,

2

36842522
Case 3:17-cv-00045-NKM-JCH   Document 38   Filed 12/26/18   Page 2 of 4   Pageid#: 325

should the discovery taken in the upcoming discovery period necessitate an extension for OnDeck.

8. The parties further agree that, in order to accommodate discovery related to OnDeck's motion, the deadlines for class certification, currently beginning with expert disclosures on January 9, 2019, and culminating with the Plaintiff's reply in support of class certification by April 15, 2019, should be moved until the summer of 2019, when motions for summary judgment would otherwise have been due.

Accordingly, the Plaintiff requests, and OnDeck does not oppose, that the Court enter an Order:

a. Extending the deadline for the Plaintiff's response to OnDeck's motion for summary judgment until April 1, 2019;

b. Extending the deadline for the Plaintiff's motion for class certification until July 9, 2019, the Defendant's response thereto until August 9, 2019, and the Plaintiff's reply until August 23, 2019; and

c. Extending the deadline for Plaintiff's expert disclosure in support of class certification until May 17, 2019, and the Defendant's expert disclosure for class certification until June 19, 2019.

**Respectfully submitted,**

      /s/ Michael B. Hissam
Michael B. Hissam (VSB Bar #76843)
Ryan M. Donovan, *Pro Hac Vice*
Hissam Forman Donovan Ritchie, PLLC
707 Virginia Street East, Suite 260
Charleston, WV 25301
mhissam@hfdrlaw.com
rdonovan@hfdrlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2019, I served a true and correct copy of the foregoing via the Court's ECF system, which sent electronic notice to all counsel of record.

                                                                            */s/Michael B. Hissam*
                                                                            Michael B. Hissam