**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION**

**CHRISTOPHER MORGAN,**

    **Plaintiff,**

  vs.                                                     Civil Action No.: 3:17-cv-00045
                                                           Judge Norman K. Moon

**ON DECK CAPITAL, INC.,**

    **Defendant.**

### Declaration of Ryan M. Donovan

I, Ryan M. Donovan, declare as follows:

1. I am an attorney, admitted before this Court *pro hac vice*, and a partner at Hissam Forman Donovan Ritchie, PLLC.

2. I make this declaration of my own personal knowledge, and if called as a witness, would testify competently as to the matters set forth herein.

3. This is a putative class action alleging claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et. seq*.

4. According to the Court's original Scheduling Order, the parties had until July 9, 2019, to (a) complete discovery and (b) submit motions for summary judgment.

5. On December 11, 2018, with more than six months remaining in the discovery period and before either party had taken a deposition, Defendant OnDeck submitted a motion for summary judgment supported by several declarations. The motion was limited to a single issue: whether the dialing equipment used to place the call at issue qualifies as an "Automatic Telephone Dialing System" (or "ATDS") under the TCPA.

6. On December 26, 2018, the Plaintiff filed a response under Rule 56(d) accompanied by an affidavit setting forth specific reasons why it was unable to "present facts essential to justify its opposition" at that early stage. *See* ECF No. 38. Among other things, the Plaintiff contended that he needed the opportunity to: (a) take the deposition of OnDeck's 30(b)(6) representative; (b) take the deposition of at least one OnDeck employee who actually places sales calls with the equipment at issue; and (c) obtain expert testimony concerning the capabilities of OnDeck's dialing system.

7. OnDeck agreed to provide the plaintiff with a little over three months, until April 11, 2019, to conduct discovery needed to respond to the early motion for summary judgment. The Plaintiff, for his part, agreed to "negotiate in good faith with OnDeck concerning its deadline to file a reply memorandum in support of summary judgment when the time comes, should the discovery taken in the [three-month period] necessitate an extension for OnDeck." (*Id.* ¶ 7).

8. The parties also requested that, in order to accommodate discovery focused on OnDeck's motion, the deadlines for class certification disclosures and briefing be extended into the summer of 2019. The Court subsequently entered a corresponding order. ECF No. 47. The Court did not set any new deadlines for other discovery milestones or a new deadline for other dispositive motions.

9. The idea behind OnDeck's early motion for summary judgment, with which the Plaintiff did not disagree at the time, was that it might be more efficient to focus discovery on and brief a critical issue early in the case, before either party had to devote time and resources to broader issues. *Unfortunately, that has not proved to be the case.*

10. The Plaintiff did conduct substantial discovery on the ATDS issue between January and April 1, including two depositions in February, the scope of which was hotly contested and required the Magistrate's intervention. *See* ECF Nos. 42, 46- 47, 51, 54.

11. The Plaintiff also retained an expert to opine on the characteristics of OnDeck's dialing system. Although the schedule did not require the disclosure of the expert's report prior the filing of the Plaintiff's response, the parties agreed to extend the Plaintiff's response deadline to April 12 so that OnDeck could get an advance copy of the expert's report on April 1. The Court entered an order consistent with that agreement. ECF No. 56.

12. In a phone call with OnDeck's counsel on April 10, I learned for the first time that OnDeck intends to hire its own expert on the ATDS issue, whose opinions will ostensibly be included in OnDeck's reply memorandum. OnDeck's motion for summary judgment was not supported by expert testimony. OnDeck's attorney also notified me that OnDeck intends to file a motion to strike the Plaintiff's expert's opinion. *See* Declaration of Ryan M. Donovan, attached as Exhibit A.

13. As a result of these recent developments, the Plaintiff still "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Specifically, the Plaintiff must have the opportunity to review the Defendant's expert's report and depose him, if necessary.

14. The Plaintiff's request is not merely for delay, or to prejudice the Defendant, but so that justice may be done.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Ryan McCune Donovan
Ryan M. Donovan, *Pro Hac Vice*
Hissam Forman Donovan Ritchie, PLLC
707 Virginia Street East, Suite 260
Charleston, WV 25301
mhissam@hfdrlaw.com
rdonovan@hfdrlaw.com