IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CHRISTOPHER MORGAN,

    Plaintiff,

  vs.                                                 Civil Action No.: 3:17-cv-00045
                                                        Judge Norman K. Moon

ON DECK CAPITAL, INC.,

    Defendant.

**Christopher Morgan's Response in Opposition to On Deck's Motion to Reconsider**

On Deck's Motion for Reconsideration is no more than a belated effort to "craft new or improved legal positions, [by] highlight[ing] previously-available facts." *See Wootten v. Commonwealth of Virginia,* 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (Moon, J.). Even in light of those new positions, however, the Court did not err by denying On Deck's motion for summary judgment. For either reason, or both, On Deck's Motion for reconsideration should be denied.

**Background**

Plaintiff Christopher Morgan alleges that On Deck, an online lending company, violated the Telephone Consumer Protection Act by using an "automatic telephone dialing system," ("ATDS" or "autodialer"), to make an unsolicited sales call to his cellular phone. *See* 47 U.S.C. § 227(b). After some early discovery, On Deck moved for summary judgment. It contended that the call to Mr. Morgan was made using "Manual Touch Mode" ("MTM") technology that did not qualify as an ATDS.

In response, Mr. Morgan argued that On Deck's MTM is not a "system" in its own right, but simply one option in a larger system that includes many other modes, including the Power, Progressive, and Predictive dialing modes that make up what On Deck refers to as its "Virtual Contact Center" ("VCC"). According to Mr. Morgan and his expert, these VCC modes readily satisfy the ATDS criteria. *See* ECF No. 74 at 16-19. Thus, Mr. Morgan argued, the call he received was made from a system with the present capacity to function as an autodialer.

Critically, in its reply, On Deck *never introduced any evidence to dispute Mr. Morgan's contention that the Power, Progressive, and Predictive dialing modes in the VCC had ATDS capabilities.* Instead, On Deck focused solely on its arguments (1) that the MTM and the VCC should be considered separate systems, and (2) that the MTM did not qualify as an ATDS.

Following a hearing, the Court denied On Deck's motion in a memorandum opinion. ECF No. 83. In sum, the Court recognized that there was no dispute that the VCC modes had the characteristics of an ATDS, and found that there was adequate evidence upon which a jury could find that all of On Deck's dialing modes functioned within a single system. As a result, genuine questions of material fact precluded summary judgment.

Unwilling to accept the Court's decision, On Deck wants a mulligan. In *fifty pages* of summary judgment briefing, On Deck did not spill a single drop of ink discussing the capabilities of the VCC dialing modes, much less rebutting Mr. Morgan's contention that they qualified as autodialers. Now, On Deck wishes that it had. To disguise its purpose, On Deck accuses the Court of "misapprehending" the record. But, as explained below, the Court made no such error.

2
Case 3:17-cv-00045-NKM-JCH   Document 86   Filed 09/20/19   Page 2 of 9   Pageid#: 2397

**Argument**

**A. On Deck's Motion for Reconsideration is improper.**

This Court recently articulated the standards governing a request for reconsideration. *See Wootten,* 168 F. Supp. 3d at 892-94. First and foremost, motions for reconsideration should be "rare." *Id.* at 893 (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc*., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Courts have distilled the grounds for reconsideration to: "(1) an intervening change in the law, (2) new evidence that was not previously available, or (3) correction of a clear error of law or to prevent manifest injustice." *Id.* (quoting *LaFleur v. Dollar General Tree Stores, Inc.,* No. 2:12-cv-00363, 2014 WL 2121563, at *1 (E.D. Va. May 20, 2014)). Such motions are disfavored and should be "granted 'sparingly.'" *Id.* (quoting *Downie v. Revco Disc. Drug Ctrs., Inc.,* No 3:05-cv-00021, 2006 WL 1171960, at *1 (W.D. Va. May 1, 2006)).

Courts have also explained what a motion for reconsideration is *not.* "Reconsideration is not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Id.* "It is not an occasion 'to present a better and more compelling argument that the party could have presented in the original briefs,'" *id.* (quoting *Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp*., 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005)), or to "'introduce evidence that could have been addressed or presented previously.'" *Id.* (quoting *Regan v. City of Charleston, S.C.,* 40 F. Supp. 3d 698, 702 (D.S.C. 2014)). "In sum, 'a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider.'" *Id.* (quoting *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003)).

Applying these principles, there are no grounds for On Deck's motion. It is not based on any change in the law. It is not based on any new evidence. On Deck does not assert any clear legal error, nor that the Court's order denying summary judgment was manifestly unjust.

The sole basis for On Deck's motion is its claim that the Court "misapprehended" the facts, leading it to erroneously conclude that there was no dispute about whether the VCC qualifies as an ATDS. But the Court did not misapprehend anything. The Court concluded there was no dispute about whether the VCC qualifies as an ATDS *because On Deck chose not to introduce any evidence disputing Mr. Morgan's assertion that the VCC qualifies as an ATDS.*[1]

The centerpiece of On Deck's motion to reconsider is an excerpt from the deposition of Mr. Morgan's expert. That deposition took place on April 23, 2019, but the portion on which On Deck now relies was never mentioned, even in passing, in On Deck's June 24, 2019 reply brief. To allow On Deck to rely on this old evidence to make new arguments for the first time, only after its original strategy failed, would far exceed the legitimate purposes of a motion to reconsider. For this reason alone, the motion should be denied.

### B. Even in light of On Deck's new arguments, summary judgment was appropriately denied.

As explained above, the Court should reject On Deck's attempts to highlight facts and raise arguments in a motion for reconsideration that could have been addressed or presented before. But even if the Court considers On Deck's new strategy, it should nonetheless conclude that summary judgment was properly denied.

---

[1] In its motion for reconsideration, On Deck claims that it disputed Mr. Morgan's claim that the VCC is an ATDS on page 14 of its reply in support of summary judgment. That citation is an apparent reference to the heading for Part II.A, which states that "the telephones [plural] do not meet the first ATDS prong." But despite that bare assertion, OnDeck never revisits the issue; there is not a word in Part II.A (or anywhere else in On Deck's brief) discussing the capabilities of the VCC dialing modes.

4

For the first time, in its motion for reconsideration, OnDeck cites Mr. Morgan's expert for the proposition that the VCC dialing modes lack the capacity to generate numbers randomly or sequentially. That is true. But On Deck further contends that the inability of the VCC dialing modes to generate numbers randomly or sequentially means the VCC cannot be considered an ATDS. That is false. As explained in Mr. Morgan's opposition to the motion for summary judgment, the ability to generate random or sequential numbers is *not* a requirement for an ATDS.

The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity (A) to store *or* produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 27(a)(1) (emphasis added). Congress's use of the disjunctive "or" is important. It means that equipment can satisfy the ATDS definition in one of two ways: it can (1) store numbers to be called, and dial them automatically, *or* (2) generate random or sequential numbers, and dial them automatically.

Based on this plain-language interpretation, federal courts have long held that any equipment that dials numbers automatically from a stored list is an ATDS. *See* ECF No. 74 at 16 & n.10. So has the agency that enforces the TCPA, the Federal Communications Commission, in a series of binding orders going back as far as 2003. *Id* at 14-15.[2]

---

[2] On Deck contends that all of the FCC's interpretations of the ATDS definition were wiped away by the D.C. Circuit's decision in *ACA Int'l v. FCC*, 885 F.3d 687 (2018). But that opinion set aside only some portions of a 2015 Order that are not relevant here; it did not disturb, nor could it have disturbed, the FCC's 2003, 2008, and 2012 Orders clarifying the definition of an autodialer. *See* ECF No. 74 at 15.

On Deck strains to reach a different result. First, On Deck's interpretation requires re-writing the statute—effectively substituting the word "and" where Congress used "or."[3] And by interpreting the phrase "using a random or sequential number generator" to modify both "store" and "produce," the term "store" is effectively read out of the law. Second, On Deck's interpretation simply makes no sense. Practically speaking, how could a device *store* numbers using a random number generator?

Third, On Deck's unnatural interpretation of the statute would render other important portions of the TCPA superfluous or nonsensical. For example, the TCPA allows calls from an ATDS to a cellular phone only with the call recipient's prior express consent. As one Court of Appeals has noted, however, "[to] take advantage of this permitted use, an autodialer would have to dial from a list of phone numbers of persons who had consented to such calls, rather than merely dialing a block of random or sequential numbers." *Marks v. Crunch San Diego, LLC,* 904 F.3d 1041, 1052 (9th Cir. 2018). If the definition of an ATDS included only devices that dial numbers produced randomly or sequentially from thin air, rather than from a stored list, the prohibition on autodialed calls to consumers who had not consented would be meaningless. Other examples abound.[4]

---

[3] At times, the Court used "and" instead of "or" when paraphrasing the ATDS definition. However, at the outset of the opinion, the Court correctly quoted the statutory definition.

[4] Such as:
- The 2015 Budget Act created an exemption for the use of an ATDS to make calls "solely to collect a debt owed or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A)(iii). Congress would have had no reason to pass such a law unless it understood the ATDS definition to apply to equipment that dials from stored lists, such as lists of numbers of individuals who owe debts to the government.
- The TCPA prohibits the use of an autodialer to call emergency telephone lines, hospital rooms, and other sensitive numbers. The only way to comply would be to dial a list of approved numbers, or block prohibited ones. In either case, this provision indivates Congress's understanding that an ATDS is not limited to dialing random numbers, but

6
Case 3:17-cv-00045-NKM-JCH   Document 86   Filed 09/20/19   Page 6 of 9   Pageid#: 2401

Finally, On Deck's interpretation is inconsistent with recent Fourth Circuit precedent requiring that the TCPA be broadly construed. *See* ECF No. 74 at 13 (quoting *Krakauer v. Dish Network, LLC,* --- F.3d.---, 2019 WL 2292196, at *8 (4th Cir. 2019) (Wilkinson, J.) and *Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC,* 883 F.3d 459 (4th Cir. 2018), *vacated and remanded on other grounds by PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*, 139 S. Ct. 2051 (2019)). Thus, to the extent that there is any ambiguity at all in the TCPA's autodialer definition, it must be resolved in Mr. Morgan's favor.

Accordingly, under the correct interpretation of the TCPA, even On Deck's new-and-improved arguments don't change the result. Even if it is undisputed that the VCC dialing modes lack the ability to generate random or sequential numbers, that does not mean the VCC dialing modes cannot qualify as an ATDS. That is because it is *also* undisputed that the VCC dialing modes have the ability to dial numbers automatically from a stored list—all that is required to support Mr. Morgan's claim.

The Court got it right the first time.

## Conclusion

In its efforts to obtain summary judgment, On Deck focused exclusively on its argument that its MTM was a stand-alone dialing system. Having lost on that score, On Deck's motion for reconsideration is no more than an effort to "craft new or improved legal positions, [by]

---

can be configured to dial from curated lists. Similarly, the TCPA prohibits the use of an ATDS in a way that ties up multiple lines of a multi-line business. 47 U.S.C. § 227(b)(1)(D). But if an ATDS only dialed random or sequential numbers, there would be no way to ensure compliance with this rule.

- Finally, the TCPA permits an award of treble damages if a violation is "willful and knowing." 47 U.S.C. § 227(b)(3). But if an ATDS only dials numbers randomly, a caller could never know if it were calling an emergency line or cellular phone.

highlight[ing] previously-available facts." To countenance such a motion under these circumstances would be to invite limitless relitigation of interlocutory orders in the future. Moreover, On Deck's new argument is wrong. For these reasons, On Deck's motion should be denied.

**CHRISTOPHER MORGAN**
By Counsel:

/s/ Michael B. Hissam
Michael B. Hissam (VSB #76843)
Ryan M. Donovan (admitted *pro hac vice*)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2019, I served a true and correct copy of the foregoing via the Court's ECF system, which sent electronic notice to all counsel of record.

/s/ Michael B. Hissam