IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

OCT 16 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

CHRISTOPHER MORGAN, on behalf of himself
and a class of others similarly situated,

    Plaintiff,

v.

Civil Action No.: 3:17-cv-00045
Judge Norman K. Moon

ON DECK CAPITAL, INC.,

    Defendant.

## FINAL APPROVAL ORDER AND JUDGMENT

Pending before this Court is *Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement*, wherein Plaintiff moves for final approval of a proposed class settlement which would resolve Plaintiff's class-action claims brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and Plaintiff's *Motion for Attorneys' Fees and Costs* (ECF No. 104), wherein Class Counsel moves for an award or reasonable attorneys' fees and expenses. By Order dated April 30, 2020, the Court preliminarily approved the Settlement Agreement and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

Upon consideration of the motions, the Settlement Agreement,[1] and the exhibits thereto, the Court **GRANTS** *Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement* and **GRANTS** Plaintiff's *Motion for Attorneys' Fees and Costs*, finding specifically as follows:

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

## Jurisdiction

1. The Court finds that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

## Certification of Settlement Class

2. Under Rule 23 of the Federal Rules of Civil Procedure, the Court certifies the Settlement Class, which is defined as "all persons within the United States (a) to whom Defendant initiated a telephone call, (b) to a telephone number Defendant received through its purchased leads channel, (c) using a telephone manufactured by Five9, (d) at any time between July 10, 2013 and the date of preliminary approval of the settlement." *See* Settlement Agreement.

## Class Representative and Class Counsel

3. Under Rule 23(g) of the Federal Rules of Civil Procedure, the following attorneys and firm are appointed as Class Counsel:

> Michael B. Hissam
> Ryan M. Donovan
> Andrew C. Robey
> HISSAM FORMAN DONOVAN RITCHIE PLLC
> P.O. Box 3983
> Charleston, WV 25339

4. The Court appoints Plaintiff Christopher Morgan as Class Representative.

## Rule 23 Requirements

5. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Class Representative are

2

typical of the claims of the Settlement Class Members; (d) the Class Representative and Class Counsel will fairly and adequately represent the interests of the Settlement Class Members.

6. The Court further finds that the prerequisites for class certification under Rule 23(b)(3) have been satisfied in that: (a) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (b) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Notice and Opt-outs

7. The Court finds that, in accordance with the Notice Plan and Rule 23(c)(2)(B), the Settlement Administrator provided the best notice practicable under the circumstances, including individual notice to the Settlement Class.

8. The Court finds that the Settlement Administrator properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715.

9. All persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment. *See Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement*, Exhibit A (Pirrung Decl. ¶ 16).

### Final Approval of Settlement

10. Pursuant to the Settlement Agreement, Defendant has agreed to pay $3,090,000 to create the Settlement Fund. Amounts awarded to Class Counsel and the Class Representative will be paid from the Settlement Fund. Class Members will receive a *pro rata* share of the Settlement Fund after deducting the amount of the Fee Award, any Incentive Award to the Class

Representative, Settlement Administration Expenses, and such other expenditures authorized by the Court in this Order.

11. On October 16, 2020, the Court held a Final Approval Hearing, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement. The Court received no objections from any person regarding the Settlement.

12. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated on April 6, 2020, and that ninety (90) days has passed without comment or objection from any governmental entity.

13. Having considered the motion for final approval, the Settlement Agreement, and the exhibits thereto, the Court finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the legal and factual posture of this case, the risk and expense of protracted litigation, and the fact that the Settlement is the result of arm's length negotiations presided over by a neutral mediator.

14. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement, including the releases therein, shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

15. The Court dismisses this case with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

16. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate,

interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

## Fee Award and Incentive Award

17. The Court approves payment of attorneys' fees in the amount of $1,030,000. The Court finds that the requested fee is reasonable and appropriate. The Court further awards Class Counsel their reasonable expenses of $30,929.48. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and finds the award of attorneys' fees, costs, and expenses appropriate and reasonable and the Court notes that the Notice specifically and clearly advised the Settlement Class that Class Counsel would seek the Fee Award.

18. The Court approves payment of $62,629.00 to the Settlement Administrator. The Court finds that the administrative fees are reasonable and appropriate. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

19. The Court approves the payment of a $15,000 service payment for Class Representative Christopher Morgan and specifically finds that amount to be reasonable in light of the service performed by Mr. Morgan for the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

20. Neither this Final Approval Order and Judgment as to the Defendant, nor the Settlement Agreement shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by

the Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendant.

The Clerk is hereby directed to enter this Final Approval Order and Judgment.

DATED: 10/16, 2020

Hon. Norman K. Moon  *Senior Judge*
United States District Court